**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Celedonio ARZATE–BARRERA, a.k.a. Celedonio Arzate, a.k.a. Celedonio Barrera Arzate, a.k.a. Celedonio Azate–Barrera, Defendant–Appellant.**

**No. 13–50574.**

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2015.*

Filed April 27, 2015.

Jean–Claude Andre, Assistant U.S., Abigail W. Evans, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esquire, Deputy Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Celedonio Arzate–Barrera appeals from the district court's judgment and challenges the 50–month sentence imposed following his guilty-plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Arzate–Barrera contends that his sentence is substantively unreasonable in light of his history and circumstances, namely, the significant trauma and tragedies he and his family suffered. The district court did not abuse its discretion in imposing the Arzate–Barrera's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The 50–month sentence, which represents a 20–month downward variance from the bottom of the Guidelines range, is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586; *see also United States v. Gutierrez–Sanchez,* 587 F.3d 904, 908 (9th Cir.2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.